## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | **CASE NO.** | 10-B-72304 |
|---|---|---|---|
| **DATE** | January 31, 2011 | **ADVERSARY NO.** | 10-A-96056 |
| **CASE TITLE** | Chris Koscielski, Debtor<br><br>Karen Koscielski and Zukowski, Rogers, Flood & McArdle, Plaintiffs<br>v.<br>Chris Koscielski, Defendant. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, judgment is entered in favor of the Plaintiffs.

■[ For further details see text below.]

### Findings of Fact

On November 12, 2009, in the marital dissolution proceedings between the Debtor and his ex-wife, Karen Koscielski, the Circuit Court of McHenry County entered a civil contempt order against the Debtor, awarding attorneys' fees of $16,712.50 for Karen's attorneys, Zukowski, Rogers, Flood & McArdle. It is this judgment that the Plaintiff seeks to find non-dischargeable.

The divorce court had previously entered a Judgment for Dissolution of Marriage on February 13, 2007, which incorporated a Marital Settlement Agreement between the Debtor and his ex-wife. The original Marital Settlement Agreement provided that each party would be responsible for their own attorney's fees. But, it also

included agreements between the Koscielskis as to the division of marital property and agreements to pay certain debts or liabilities and hold the other harmless for such liabilities. Between March 2007 and November 2009, the Debtor's ex-wife filed multiple petitions for rule to show cause for civil contempt with the divorce court against the Debtor for not complying with the marital settlement agreement, alleging among other things that he had not transferred certain funds in a 401(k) plan, delivered a quitclaim deed in real estate, transferred rights in certain airline mileage rewards, signed certain amended tax returns or insurance change of beneficiary forms or delivered certain personal property as he was required by the agreement. The divorce court entered multiple orders against the Debtor ordering compliance, including at least one entered July 30, 2008, expressly finding him in civil contempt. On November 12, 2009, after considering several petitions for attorneys' fees in connection with the multiple petitions for rule to show cause against the Debtor over the prior two years, the divorce court entered a judgment against the Debtor, which included a statement that "Judgment is entered in favor of Plaintiff and against Defendant on the Amended Petition for Attorney's Fees related to the finding of contempt in the amount of $16,712.50. No further attorney's fees to be awarded."

### Conclusions of Law

11 U.S.C. § 523(a)(15) makes nondischargeable any debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." The Defendant's primary defense appears to be that, if Section 523(a)(15) is read literally, it applies only to debts owed to a spouse, former spouse, or child of the debtor, and the Plaintiff law firm is not a spouse, former spouse or child of Mr. Koscielski. Unfortunately for the Debtor, the language in Section 523(a)(15) "has not been read literally by the courts." In re Rios, 901 F.2d 71, 72 (7th Cir. 1990) (interpreting similar language in a pre-1994 version of Section 523(a)(5)). The Court in Rios went on to note that "awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor." Rios, 901 F.2d at 72. The court explained that the theory for expanding the statutory language to cover the attorneys of the ex-spouse or child "is that the spouse's or child's expenses of collection are part of the underlying obligation." Rios, 901 F.2d at 72. It is not disputed that the obligations of the Debtor to his ex-wife in the marital settlement agreement and judgment of dissolution would have been non-dischargeable under Section 523(a)(5) or (15) if he failed to perform them. It appears that he ultimately did perform, but only after the Debtor's ex-wife was forced to bring numerous motions in the divorce court and incur costs and attorneys' fees. The attorneys' fees were awarded by the divorce court, and the fact that the award of fees was granted several years after the initial divorce judgment and marital settlement does not mean they are outside Section 523(a)(15). Section 523(a)(15) speaks broadly of any obligation "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court." The order at issue was an order by the divorce court in a divorce proceeding, and the order expressly states that the judgment was for attorneys' fees related to the finding of contempt for non-compliance with the judgment of dissolution and marital settlement.

The Debtor tried to present evidence of statements by his ex-wife that she did not owe the Plaintiff anything, and evidence that the Plaintiff had never sought to collect the fees from her. However, it was clear from context and testimony that her statements did not mean that the Plaintiff had been paid in full, but rather that she felt the debt was owed from her ex-husband to the law firm directly. Contrary to the Debtor's arguments, even if the debt is owed directly from the debtor to the ex-spouse's attorney, rather than indirectly through the ex-spouse, the debt can fall within Section 523(a)(5) or (15). See, e.g., Aldrich v. Papi (In re Papi), 427 B.R. 457 (Bankr. N.D. Ill. 2010) (Black, J.). In Papi, Judge Black acknowledged but criticized a Texas

court opinion, In re Brooks, 371 B.R. 761 (Bankr. N.D. Tex. 2007), which had interpreted 523(a)(5) and (15) to bar standing of a law firm. Judge Black first noted that the reasoning in Brooks "has been wholly rejected by a majority of courts that have considered the issue." He then noted that, even if the court were to accept, *arguendo*, that the statute did not apply where a debt was owed solely to the ex-spouse's attorneys and the ex-spouse was not liable, that was not the case in Papi. Nor is it the case here. The order from the divorce court technically awards attorneys' fees to "the Plaintiff," which was Karen Koscielski. Therefore, it is a right to have the fees paid on her behalf or to reimbursement. There is nothing in the order to suggest that her own liability to the firm was discharged if her ex-husband failed to pay. Nor did the Debtor present any evidence that the firm had released her from the obligation. Karen's own statement that she did not think she owed the firm money was not enough to bind the law firm. Nor is the fact that they sought to collect from her ex-husband instead of her dispositive. Where more than one party is jointly liable on a debt, the fact that a creditor seeks to first collect from one party does not mean the other is not liable. Finally, as Judge Black noted in another recent case, In re Fricke, 2010 WL 5475808, even if Karen was contractually discharged from her obligation, the law firm still could have sought to collect from her on a *quantum meruit* theory.

### Conclusion

For the foregoing reasons, judgment will be entered in favor of the Plaintiff, finding the attorneys' fees at dispute non-dischargeable under Section 523(a)(15).

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

January 31, 2011

_____
Judge Manuel Barbosa

# CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Order has been served via the Court's electronic notification system and via First Class Mail on January 31, 2011 to the following:

**Ryan P Farrell**
Zukowski, Rogers, Flood & McArdle
50 Virginia St.
Crystal Lake, IL 60014

**James L Frazin**
J Frazin & Associates
100 N Atkinson Rd
Grayslake, IL 60030

_____
Mimi Kuczynski, Courtroom Deputy